William M. KALIST, Jr., and Audrey Jane Kalist, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17194.

United States Court of Appeals Eighth Circuit.

Aug. 19, 1963.

Ellsworth W. Ginsberg, St. Louis, Mo., for petitioners.

Stephen B. Wolfberg, Atty., Dept. of Justice, Washington, D. C., for respondent. Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., were with him on the brief.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

The appeal in this case involves issues identical with those this day determined by us in the opinion filed in Cockrell v. Commissioner of Internal Revenue, 8 Cir., 321 F.2d 504. The facts here are not in dispute. They parallel those in the Cockrell case, with minor variations.

Petitioner is employed by McDonnell Aircraft Corporation (hereinafter referred to as McDonnell) as a photographer. He was assigned to Holloman Air Force Base (hereinafter called Holloman) on December 28, 1956, to cover a period beginning January 2, 1957, to a date designated as "open". He went to Holloman by plane. In three weeks he returned to St. Louis, where he remained until about February 1, 1957, at which time he returned by automobile to Holloman, accompanied by his wife. They took their personal effects with them. When they first arrived at Alamogordo, New Mexico, they occupied rental living quarters for about a year. In 1958, petitioner purchased a house in Alamogordo, where he and his family lived continuously until December 1960. Two children were born to petitioner's wife during their stay in New Mexico.

Between December 28, 1956 and February 4, 1960, McDonnell issued to petitioner, "Travel and Relocation Authorities" and "Inter-Office Memos" pertaining to his assignment to Holloman, which extended his relocation there continuously until December 2, 1960. Petitioner received "Living Allowances" in 1957 amounting to $3,385.00, and in 1958 the sum of $3,500.00.

The respondent, in his notice of deficiency, denominated the "Living Allowance" paid to petitioner as "additional compensation." The Tax Court sustained that determination. We think it rightly adjudicated that matter within the ambit of Section 162(a) (2) of the Internal Revenue Code of 1954.

The decision of the Tax Court is sustained for the reasons stated in our opinion in Cockrell v. Commissioner, supra.