**F. Earl FILLER, Jr., and Maedean Filler, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 17258.

United States Court of Appeals
Eighth Circuit.

Aug. 27, 1963.

Ellsworth W. Ginsberg, St. Louis, Mo., filed brief for petitioners.

Louis Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., and Lee A. Jackson, Meyer Rothwacks and Stephen B. Wolfberg, Attys., Dept. of Justice, Washington, D. C., filed brief for respondent.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This case is before us upon taxpayers' timely petition for review of the decision of the Tax Court filed October 30, 1962 (opinion not reported), upholding the Commissioner's determination of income tax deficiencies against taxpayers for the years 1957, 1958, and 1959.

The only issue raised here is whether taxpayers are entitled to deduct from gross income amounts of per diem living allowances paid to F. Earl Filler by his employer, McDonnell Aircraft Corporation, as traveling expenses while away from home, under § 162(a) (2) I.R.C. 1954.

The Tax Court determined that the facts in this case are not distinguishable from those in Cockrell v. C. I. R., 38 T.C. 470. We agree. Taxpayers point to no material distinction. The per diem allowances were paid Filler during the period from May 31, 1956, to June 11, 1959, during which period he was assigned by McDonnell for service as an experimental mechanic in connection with extensive contract work McDonnell was performing for the Government at the Holloman Air Force Base, New Mexico. Filler had previously been employed by McDonnell at its main base at St. Louis. He lived in his trailer house while in St. Louis and upon being assigned to Holloman, immediately moved there with his family and his trailer and continued to live there until reassigned to St. Louis in 1959. We accept taxpayers' testimony that they at all times considered St. Louis to be their home.

The findings of the Tax Court that Mr. Filler's principal place of duty was at

Holloman during the tax years here involved, and that his employment there was for an indefinite and substantial period rather than for a temporary or short period are supported by substantial evidence.

The Tax Court upheld the Commissioner's contention that the per diem allowances received were income and were not deductible as necessary business expenses incurred in traveling away from home, upon the basis of its Cockrell decision. We recently affirmed Cockrell. Cockrell v. Commissioner, 8 Cir., 321 F.2d 504. The taxpayers' contentions here urged are fully considered and answered adversely to them in Cockrell. We followed Cockrell in Kalist v. Commissioner, 8 Cir., 321 F.2d 508. Our decisions in Cockrell and Kalist are decisive of the issues here presented.

Affirmed.