William J. English v. Commissioner.
English v. Commissioner
Docket No. 90698.
United States Tax Court
T.C. Memo 1966-256; 1966 Tax Ct. Memo LEXIS 29; 25 T.C.M. (CCH) 1317; T.C.M. (RIA) 66256; November 23, 1966
William J. English, pro se, 114 Little John Rd., El Paso, Tex. Richard G. Holloway, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1957 and 1958 in the amounts of $214.08 and $1,051.73, respectively. Some adjustments made by respondent in his notice of deficiency for 1958 were not contested by petitioner. The two issues remaining for decision are whether amounts paid to petitioner in the years 1957 and 1958 by his employer, McDonnell Aircraft Corporation, under the designation "Per Diem," are includable in his gross income; and if so, whether such amounts are deductible as expenses of travel while away from home. Findings of Fact Some *30 of the facts have been stipulated by the parties. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. William J. English (herein called petitioner) is presently residing in Miami, Florida. He and his former wife, Mary V. English, filed a joint Federal income tax return for the year 1957 with the district director of internal revenue at Albuquerque, New Mexico. In September 1957, petitioner and Mary V. English separated. They were divorced in June 1958. For the taxable year 1958 petitioner filed his individual Federal income tax return with the district director at Albuquerque, New Mexico. Petitioner is an instrumentation engineer. During the first part of 1957 he was employed by Bell Aircraft Corporation of Buffalo, New York, at Holloman Air Force Base (hereinafter called Holloman) near Alamogordo, New Mexico. Later in 1957 the petitioner terminated his employment with Bell. On August 6, 1957, petitioner began employment with McDonnell Aircraft Corporation (hereinafter called McDonnell) in St. Louis, Missouri. Prior to August 1957 the petitioner lived in Alamogordo with his wife and children. His family did not accompany him *31 to St. Louis. They remained in Alamogordo after the separation. When he began his employment with McDonnell, the petitioner rented an apartment in St. Louis and moved his personal effects and belongings into it. He remained there for about 6 weeks, working at McDonnell's main plant in St. Louis. Petitioner was requested by McDonnell to return to Holloman. By means of a Travel and Relocation Authority issued on September 23, 1957, he was assigned to Holloman for a period specified as September 24, 1957, to June 24, 1958. The stated purpose of the assignment was "GAM-72 Telemetering Instrumentation Tech." On or about September 16, 1957, petitioner returned to Holloman. He terminated the lease on his apartment in St. Louis but left his automobile and certain personal effects in storage there. On a subsequent trip he picked up his automobile and drove it to Holloman. Other than storage costs, the petitioner had no expenses in St. Louis while he was located at Holloman. Also, about September 16, 1957, petitioner purchased a house trailer in Alamogordo which he used as his residence during his assignment there. By a memorandum dated July 25, 1958, McDonnell extended the "Special *32 Field Assignment" of nine employees at Holloman beyond the initial 9-month period. Through this memorandum the expiration date of petitioner's stay at Holloman was changed from June 24, 1958, to March 24, 1959, and he remained there throughout all of 1958 and until October 23, 1959, when he terminated his employment with McDonnell. He was then employed by Telemetering Corporation of America of Sepulveda, California, and assigned to the White Sands Missile Range in New Mexico. Petitioner received a $10 per diem living allowance while he was at Holloman. In 1957 this amounted to $955; in 1958, it amounted to $3,640. On his joint income tax return with Mary V. English in 1957, the petitioner included this per diem allowance in his wages received and then deducted it. The reason given for this deduction on a sheet attached to his return was that it served "to compensate for additional expenses incurred by me during my travel to and stay at a temporary field assignment at Holloman Air Force Base * * *." On his 1958 individual income tax return the petitioner did not include the $3,640 per diem allowance in gross income, but answered in the affirmative the question on the return as to *33 whether he received an expense allowance or reimbursement or charged expenses to his employer. In his notice of deficiencies the respondent included the per diem allowances in gross income as additional compensation and treated them as not deductible under section 62(2)(B), Internal Revenue Code of 1954. Opinion Petitioner contends that his assignment to Holloman was solely for the benefits of his employer and that it was temporary rather than indefinite. He also claims that his intent in working for McDonnell was to be employed and live in St. Louis. Under either theory, he argues that the amounts involved are excludable from gross income. Alternatively, he contends that such amounts are deductible as expenses of travel while away from home. To the contrary, respondent claims that the per diem allowances must be included in petitioner's gross income and may not be deducted. We agree with the respondent. The amounts are includable in petitioner's gross income. This case falls within the ambit and rationale of Leo C. Cockrell, 38 T.C. 470 (1962), affirmed 321 F. 2d 504 (C.A. 8, 1963). See also Filler v. Commissioner, 321 F. 2d 900 *34 (C.A. 8, 1963); Kalist v. Commissioner, 321 F. 2d 508 (C.A. 8, 1963); Robert A. Spalding, T.C. Memo. 1966-226 (Oct. 12, 1966); and Gerald C. Smith, T.C. Memo. 1966-247 (Nov. 2, 1966), for similar treatment of the "per diem" allowances received by McDonnell Aircraft Corporation employees. Petitioner cites Homer H. Starr, 46 T.C. - (Sept. 26, 1966), for the general proposition that where reimbursed expenses are incurred primarily for the employer's benefit, they are excludable from the employee's gross income. We think the Starr case is distinguishable. It involved the indirect moving expenses of a corporate employee who was unable to find permanent living quarters at his new home and who had substantial temporary expenses stemming from his transfer. By contrast, the "per diem" allowance received by petitioner from McDonnell was automatically given to all McDonnell employees under similar transfer orders. See Cockrell v. Commissioner, supra; Kalist v. Commissioner, supra; and Filler v. Commissioner, supra.Such amounts were in no way tied to petitioner's direct or indirect moving expenses and the length of time of their *35 receipt was limited only by the duration of the assignment at Holloman. The "benefit of the employer" concept has an incongruous application in the "per diem" cases since the real issue is whether per diem living allowances paid and received over the period of employment constitute an inducement or incentive bonus to an employee to work at a particular place. The courts have consistently found this to be true and, consequently, have held such amounts to be additional compensation which is includable in gross income. To hold that it is the employer who primarily benefits from substantial, continuing payment of allowances to an employee for extra costs of living at a new job site would conflict with the rationale of decided per diem cases and the broad definition of gross income contained in section 61(a). It is also our opinion that the petitioner is not entitled to deduct the same amounts as expenses of travel while away from home under section 62(2)(B), Internal Revenue Code of 1954, because Alamogordo, not St. Louis, was his "tax home" during 1957 and 1958. When petitioner received notice of his assignment at Holloman, after only 6 weeks in St. Louis, he cancelled *36 the lease on his apartment in St. Louis and took most of his personal belongings with him to Alamogordo, thus eliminating, except for minimal storage charges, all of his expenses in St. Louis. He bought a house trailer in Alamagordo and used it as his residence while there. He had lived in Alamogordo immediately before his employment with McDonnell and remained there for at least 18 months after his transfer to Holloman by McDonnell. By contrast, he spent only 6 weeks in St. Louis during his employment with McDonnell; he had no roots or lasting connections there; and he did not return to St. Louis after his job at Holloman terminated. Although he claimed an "intent" to return to St. Louis, such subjective intent is not sufficient to overcome the objective facts demonstrating no continuing ties or expenses in that city. See James v. United States, 308 F. 2d 204 (C.A. 9, 1962); Kenneth H. Hicks, 47 T.C. - (Oct. 19, 1966); and George Riscalla, 22 T.C.M. 541 (1963), affirmed per curiam 337 F. 2d 859 (C.A. 5, 1964). Moreover, a deduction for expenses incurred by petitioner after his relocation must be disallowed since he was in Alamogordo for an *37 indefinite rather than a temporary period of time. See Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962) and Cockrell v. Commissioner, supra. The Travel and Relocation Authority relating to petiioner's transfer stated that his assignment was to last 9 months, and this was later extended as a matter of routine. While petitioner emphasizes that McDonnell's testing facilities at Holloman were not permanent in nature, but lasted for only the duration of the specific projects at hand, this does not mean that the assignment at Holloman was temporary. See Cockrell v. Commissioner, supra. In fact, there is no evidence, except possibilities and suppositions, to show that petitioner's employment at Holloman would terminate within a reasonably short time. See George Riscalla, supra. Accordingly, we conclude that the per diem allowances received by petitioner from McDonnell are includable in his gross income and that such amounts are not deductible as expenses of travel while away from home. Decision will be entered for the respondent.