Charles J. JENKINS and Anna V. Jenkins, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 19435.

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1969.

Roy W. Bergmann, Clayton, Mo., for appellant and filed brief.

Leonard J. Henzke, Jr., Atty., Dept. of Justice, Washington, D. C., for appellee; Johnnie M. Walters, Asst. Atty. Gen., and Attorneys Lee A. Jackson and Edward Lee Rogers, Washington, D. C., were on the brief with Leonard J. Henzke, Washington, D. C.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

PER CURIAM.

The dispositive issue presented by this appeal is whether taxpayer, Charles J. Jenkins, who lived in St. Louis, Missouri, is entitled to a deduction under 26 U.S.C.A. § 162(a) (2) for expenses incurred at Springfield, Illinois, for travel, meals and lodging while he was performing services at Springfield during the taxable years 1958, 1959 and 1960 as deputy president of the Brotherhood of Railroad Trainmen. During each of such years and the preceding three years, taxpayer was in Springfield from 227 to 305 days. He performed no duty for his employer in St. Louis.

The Tax Court upheld the Commissioner's determination that taxpayer's tax home was at Springfield and that reimbursed expenses which he received from the Brotherhood for travel to and meals and lodging at Springfield were not deductible business expenses during the tax years involved in this litigation, and that the money so received constituted taxable income.

The Tax Court's opinion is unofficially reported at 1967 P–H Memo T.C., par. 67,257, and 26 T.C.M. 1328. Taxpayer concedes that the basic facts are fairly stated by the Tax Court in its opinion but he challenges the inferences and conclusions drawn by the Tax Court. No purpose will be served by setting out the extensive factual background in this opinion.

The Tax Court followed the established legal principles in determining the meaning of the words "away from home" as used in § 162, stating:

"The meaning of the phrase 'away from home' in the tax sense has often been litigated, and the guiding principle which has evolved is that one's tax home is determined by the principal place of one's business or employment. If there is a change in duty station then often resolution of the problem must be based upon a factual distinction between temporary employment and indefinite or indeterminate employment. Peurifoy v. Commissioner [of Internal Revenue], 358 U.S. 59, 61, [79 S.Ct. 104, 3 L.Ed.2d 30] (1958), and cases there cited. If after a careful examination of all the facts and circumstances of a particular case it is determined that the taxpayer's employment at the questioned location is temporary, expenditures for travel including food and lodging will qualify as away-from-home expenditures. Not so, however, if it is indefinite or indeterminate."

See Commissioner of Internal Revenue v. Stidger, 386 U.S. 287, 87 S.Ct. 1065, 18 L.Ed.2d 53; Peurifoy v. Commissioner of Internal Revenue, 358 U.S. 59, 79 S. Ct. 104, 3 L.Ed.2d 30; Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203; Filler v. Commissioner of Internal Revenue, 8 Cir., 321 F.2d 900; Cockrell v. Commissioner of Internal Revenue, 8 Cir., 321 F.2d 504; Wills v. Commissioner of Internal Revenue, 9 Cir., 411 F.2d 537;

**1294**

Ham v. United States, 6 Cir., 408 F.2d 671.

The issue of what constitutes a tax home is ordinarily one of fact. Peurifoy v. Commissioner of Internal Revenue, supra; Wills v. Commissioner of Internal Revenue, supra; Cockrell v. Commissioner of Internal Revenue, supra.

A thorough examination of the record before us satisfies us that the Tax Court's findings are supported by substantial evidence and are not induced by any erroneous view of the law.

The decision of the Tax Court is affirmed.