HARLEY L. FRESHOUR and ETHEL FRESHOUR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Freshour v. Commissioner
Docket No. 669-77.
United States Tax Court
T.C. Memo 1978-296; 1978 Tax Ct. Memo LEXIS 220; 37 T.C.M. (CCH) 1241; T.C.M. (RIA) 78296; July 31, 1978, Filed *220 Held, petitioners required to include in income reimbursement received from employers for expenses incurred. Harley L. Freshour and Ethel Freshour, pro se. James C. Lanning, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 1,051.11 deficiency in petitioners' 1971 Federal income tax. After concessions, the sole issue is whether, under section 61, [1] petitioners are required to include in gross income amounts received from employers as reimbursement for living expenses. FINDINGS OF FACT Some *221 facts were stipulated and are found accordingly. Harley L. (hereinafter petitioner) and Ethel Freshour, husband and wife, were legal residents of Big Lake, Minnesota, when they filed their 1971 return and when they filed their petition in this case. During 1971, petitioner was employed in several jobs in Minnesota and North Dakota as an ironworker. In 1971, petitioner received $ 1,693.75 as reimbursement from various employers for living expenses he had incurred in the course of his employment. Petitioners did not include this reimbursement in their reported gross income for 1971; however, they deducted $ 2,949.89 for employment related expenses for meals, lodging, and travel relating to the same reimbursement period. Respondent included the reimbursement in income but allowed the deduction entirely. OPINION We need only determine whether the $ 1,693.75 expense reimbursement is includable in petitioners' 1971 gross income. Respondent's position, simply stated, is that where an employee incurs and deducts traveling expenses in full and receives reimbursement for part or all of those expenses, then he must likewise include the full amount of reimbursement in gross income. *222 [2] We agree with respondent. Section 1.162-17, Income Tax Regs., provides a method of reporting certain business expenses of employees. Generally, that regulation provides that the employee need only report the excess reimbursement in income or excess expense as a deduction. It is clear that expense reimbursements constitute gross income but under the regulation they need not be reported as such when they constitute partial or complete reimbursed travel expenses and there is no question about the deductible nature of the underlying expenses. [3] But the taxpayer may not have the best of both worlds. If he chooses to deduct the expense in full, he must include the full amount of reimbursement in income. See Commissioner v. Kowalski,98 S. Ct. 315 (1977). Moreover, petitioners have the burden here to establish that the $ 1,693.75 excluded reimbursement did not *223 reduce their deductible traveling expenses to $ 2,949.89, the amount actually deducted. Welch v. Helvering290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They made no such showing. Thus, we may only conclude, as respondent apparently did, that the deductions for traveling expenses were fully taken without a reduction for reimbursement. Accordingly, we find that petitioners must include the full amount of the $ 1,693.75 reimbursement in their 1971 gross income. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. For a discussion of various reporting methods of employee business expenses and reimbursements see Stevenson v. Commissioner,T.C. Memo. 1977-260↩.
3. Jenkins v. Commissioner,T.C. Memo. 1967-257, affd. 418 F. 2d 1292↩ (8th Cir. 1969).