DAN PAUL and MARGO ANN WEIBERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weiberg v. Commissioner
Docket No. 6611-78.
United States Tax Court
T.C. Memo 1980-147; 1980 Tax Ct. Memo LEXIS 442; 40 T.C.M. (CCH) 272; T.C.M. (RIA) 80147; April 28, 1980, Filed *442 Held, petitioner was not "away from home" within the meaning of section 162(a)(2), I.R.C. 1954, and, therefore expenses incurred for travel, meals and lodging with respect to his employment are nondeductible. Dan Paul Weiberg, pro se. Jeffrey D. Lerner, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies of $410 and $462 in petitioners' Federal income taxes for 1974 and 1975, respectively. The sole issue for decision is whether expenses deducted by petitioner Dan Paul Weiberg with respect to his employment in the Army National Guard were incurred while he was "away from home" within the meaning of section 162(a)(2). [1]
FINDINGS OF FACT All of the facts have been stipulated and are found accordingly. Dan Paul (hereinafter petitioner) and Margo Ann Weiberg, husband and wife, resided in Eau Claire, Wisconsin, when they timely filed their 1974 and 1975 joint Federal income tax returns and when they filed an amended return for 1974. They resided in St. Paul, Minnesota, when they timely filed their petition in this case. Petitioner served on active duty in the United States Army as a helicopter gunship pilot from January 1966 until his discharge in March 1970. Upon discharge from active duty in *444 March 1970, petitioner was attached to a ready reserve control group based in St. Louis, Missouri, and was affiliated with this unit until May 1971. At that time petitioner joined an Army National Guard reserve unit (the 157th Medical Battalion) stationed in Denver, Colorado, where he was then residing, and remained with this reserve unit until August 1972. While in Denver, petitioner attended Metro State College and worked part-time for Achcraft Furniture Company. In August 1972, petitioner moved from Denver, Colorado, to Eau Claire, Wisconsin, and married Margo Ann Weiberg the following month. Upon moving to Eau Claire, petitioner continued his education by enrolling as a full-time student at the University of Wisconsin, Eau Claire. He remained a full-time student during 1974 and 1975, graduating in December 1975. Prior to petitioner's move to Eau Claire, Margo Ann Weiberg had made an unsuccessful attempt at securing a teaching position in the Denver area. She had been employed as a teacher in the Eau Claire area since 1970 and continued such employment while residing in Eau Claire through June 1977. Prior to that time, since 1965, she had resided in Eau Claire as a University *445 student. Upon petitioner's move to Eau Claire in August 1972, he transferred from the Army National Guard reserve unit in Denver to a reserve unit located in Madison, Wisconsin (the 53rd Aviation Company), and stayed with this reserve unit until August 1977. There was a reserve unit located in Eau Claire at the time of petitioner's move and throughout 1974 and 1975, the taxable years at issue, but, since it was not an aviation reserve unit, it did not have a position suitable for petitioner's experience as a gunship helicopter pilot. As a member of the Army National Guard in 1974 and 1975, petitioner was required to and did attend monthly weekend reserve meetings in Madison, Wisconsin. He traveled from his residence in Eau Claire to his reserve unit in Madison, a distance of 180 miles, to attend 12 weekend meetings in 1974 and 12 weekend meetings in 1975. On these occasions, petitioner stayed overnight in Madison on Friday and Saturday, returning to Eau Claire on Sunday evening. Petitioner also attended 24 additional one day flight training periods in 1974, and 24 such periods in 1975. He traveled from his residence in Eau Claire to his reserve unit in Madison to attend *446 these sessions, returning to Eau Claire the same day. In January 1976, following his graduation from the University of Wisconsin, Eau Claire, petitioner was employed as an internal auditor with the University of Wisconsin System in Eau Claire. After obtaining such employment, he remained with his reserve unit in Madison and followed the same travel routine he had during 1974 and 1975. In February 1977, petitioner moved to St. Paul, Minnesota, where he had accepted a position with the Federal government. His wife, Margo Ann Weiberg, joined him in St. Paul in June 1977, upon completion of the school year in Eau Claire. In August 1977, petitioner transferred to an Army National Guard reserve unit located in St. Paul (the 47th Aviation Battalion). During 1974 and 1975, the taxable years at issue, petitioner intended to remain in the Army National Guard until he had qualified for retirement benefits (20 years service), provided his reserve duties did not interfere with his family life or any outside employment he might subsequently obtain. During that time, he also intended to remain in Eau Claire following his graduation from the University of Wisconsin, Eau Claire, provided *447 he could obtain suitable employment in the area. While attending college in 1974 and 1975, petitioner's only employment was with the Army National Guard which compensated him in the respective amounts of $2,168.25 and $4,196.40. He also received nontaxable educational benefits under the G.I. Bill during those years. Petitioner claimed $2,417 and $2,520, respectively, on his 1974 and 1975 returns as employee business expenses incurred for mileage, meals and lodging while away from home with respect to his Army National Guard duties in Madison, Wisconsin.Respondent disallowed these deductions claiming petitioner's home for tax purposes during 1974 and 1975 was Madison, Wisconsin. OPINION We must determine whether expenses deducted by petitioner with respect to his employment in the Army National Guard were incurred while he was "away from home" within the meaning of section 162(a)(2). Petitioner argues that his home for tax purposes was his residence in Eau Claire, Wisconsin, and that expenses incurred by him with respect to earning income from his Army National Guard reserve duties in Madison, Wisconsin, are deductible as expenses incurred while away from home in pursuit *448 of a trade or business. Respondent contends that, for tax purposes, petitioner's home was Madison, Wisconsin. Respondent maintains, accordingly, that since petitioner was not "away from home" while on reserve duty in Madison, Wisconsin, within the meaning of section 162(a)(2), none of the expenses incurred with respect to his reserve duty are deductible. In view of the particular facts in this case, we agree with respondent. Personal living expenses are generally nondeductible. Sec. 262. Section 162(a)(2), however, allows a taxpayer to deduct traveling expenses (including amounts expended for meals and lodging) incurred while away from home in the pursuit of a trade or business. In order to deduct these expenses, the taxpayer must establish: (1) the expenses were reasonable and necessary; (2) the expenses were incurred "while away from home;" (3) the expenses were incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465 (1946); Foote v. Commissioner, 67 T.C. 1, 3 (1976); Bochner v. Commissioner, 67 T.C. 824, 827 (1977). Generally, if the place of a taxpayer's personal residence is different from *449 his principal place of employment, his "home" for purposes of section 162 is the vicinity of his principal place of employment. Jenkins v. Commissioner, 418 F. 2d 1292 (8th Cir. 1969), affg. a Memorandum Opinion of this Court; Daly v. Commissioner, 72 T.C. 190, 195 (1979). An exception to this general rule exists when a taxpayer with a well established tax home accepts employment that is temporary rather than indefinite in duration. Commissioner v. Peurifoy, 254 F. 2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956), affd. per curiam 358 U.S. 59 (1958); Kroll v. Commissioner, 49 T.C. 557 (1968). If the employment accepted is considered temporary or is expected to last a short period of time, a taxpayer may be allowed to deduct his travel expenses. Dilley v. Commissioner, 58 T.C. 276 280 (1972); Tucker v. Commissioner, 55 T.C. 783, 786 (1971). The purpose underlying this exception is to relieve the taxpayer of the burden of duplicate living expenses while at a temporary employment location. Tucker v. Commissioner,supra.If, on the *450 other hand, the employment is for an indefinite or indeterminate period of time, then the taxpayer is not regarded as being "away from home" for purposes of section 162(a)(2) and, therefore, is not entitled to deduct his travel expenses. McCallister v. Commissioner, 70 T.C. 505, 509 (1978); Owens v. Commissioner, 50 T.C. 577, 582 (1968). Petitioner argues that his employment with the reserve unit in Madison, Wisconsin, was temporary in that he was employed there for only four days in any given month during the years at issue. He claims, accordingly, that it would be unreasonable to expect him to move his residence from Eau Claire to Madison, Wisconsin, his principal place of employment. Notwithstanding petitioner's obvious misunderstanding of the term "temporary" within the context of section 162(a)(2), on this record, we must conclude that petitioner's tax home is Madison, Wisconsin, and that his employment there was indefinite rather than temporary in nature. During 1974 and 1975, petitioner attended college in Eau Claire, Wisconsin, the location of his personal residence. His only employment during those years was with the Army National *451 Guard reserve unit in Madison, Wisconsin. Therefore, under the general rule for purposes of section 162(a)(2), petitioner's home for tax purposes was Madison, Wisconsin, his principal place of employment. Moreover, petitioner's employment in Madison, Wisconsin, fails to fall under the exception to the general rule for temporary employment. He had been employed in Mddison, Wisconsin, since August 1972 when he moved from Denver, Colorado, to Eau Claire, Wisconsin. He engaged in such employment for nearly a year and a half prior to the taxable years at issue. He not only intended to remain in Eau Claire, Wisconsin, following his graduation from the University of Wisconsin, Eau Claire, in December 1975, but also intended to remain in the Army National Guard for 20 years in order to qualify for retirement benefits. On these facts, coupled with petitioner's intent, we are unable to find that petitioner's employment with the reserve unit in Madison, Wisconsin, was temporary or expected to last for a short period of time. Petitioner's intent to continue residing in Eau Claire, Wisconsin, and remain with the reserve unit in Madison, Wisconsin, strongly indicates, if anything, that the *452 employment in Madison, Wisconsin, was indefinite in duration. Moreover, upon moving from Denver, Colorado, to Eau Claire, Wisconsin, petitioner chose not to transfer from the Denver reserve unit to the Eau Claire reserve unit near his residence. Instead, he transferred to a reserve unit in Madison, Wisconsin, because unlike the unit in Eau Claire, the Madison unit was an aviation reserve unit in which he could obtain a position compatible with his skills as a helicopter gunship pilot. Therefore we believe the expenses petitioner incurred in traveling to and from Madison, Wisconsin, are attributable to his personal choice to reside in Eau Claire, Wisconsin, not to the exigencies of his employment. Tucker v. Commissioner, supra.
Furthermore, petitioner misunderstands the meaning of the term temporary within the context of section 162(a)(2). Temporary does not refer to whether the employment is full-time or, as in petitioner's case, part-time.It refers to the length of time the employment is expected to or will likely continue. There is a clear and obvious distinction between temporary employment which will end in a foreseeably short time, and part-time employment *453 which may extend indefinitely. Petitioner claims the rule that an individual's home for tax purposes is the individual's place of employment is unreasonable in that moving one's personal residence to one's place of employment results in undue financial hardship to taxpayers like himself. While we are sympathetic to petitioner's circumstances, it should be noted that the exception made for taxpayers accepting temporary employment alleviates the harsh result of which petitioner complains. Tucker v. Commissioner, supra.Petitioner's employment in Madison, Wisconsin, however, was indefinite rather than temporary, making him ineligible for the benefits of the exception to the general rule of nondeductibility. Petitioner requests us to consider the reasonableness of the facts and circumstances of his case. The mere fact he incurred duplicate living expenses as a result of commuting to his employment, however, does not entitle him to deduct such expenses. Deductions are a matter of legislative grace and petitioner has failed to comply with the rules established entitling taxpayers to deduct travel expenses under section 162(c)(2). New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). *454 Like the taxpayer in Flowers v. Commissioner, supra, petitioner chose to continue residing at his personal residence and to travel to his place of employment whenever his employment required him to be there. In sum, we hold that Madison, Wisconsin, was petitioner's home for tax purposes during 1974 and 1975 because it was his only place of employment and such employment was not temporary in nature. We have considered petitioner's other arguments and find them unpersuasive. To reflect the foregoing, Decision will be enteredfor the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩