GARY ALLISON EDWARDS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edwards v. Commissioner
Docket Nos. 10435-84; 20667-85.
United States Tax Court
T.C. Memo 1987-396; 1987 Tax Ct. Memo LEXIS 393; 54 T.C.M. (CCH) 115; T.C.M. (RIA) 87396; August 11, 1987. *393 Petitioner, a radiation safety technician, maintained his residence in Bruceton, Tennessee, during 1980 and 1981 and claimed deductions for living and traveling expenses incurred at job sites located throughout the eastern United States. Petitioner did not include as income the auto, lodging and meal allowances paid to him by his employer. Held, petitioner may not deduct such expenses since he was not away from home within the meaning of sec. 162(a)(2), I.R.C. 1954. Held further, such allowances received from petitioner's employer are includable in petitioner's taxable income. Gary Allison Edwards, pro se. [1]
Cynthia M. Odle-Schlechty, for the respondent. MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: In these consolidated cases, respondent determined deficiencies in petitioner's Federal income tax in the amount of $ 9,691.67 for taxable year 1980 (Docket No. 10435-84) and $ 10,588 for taxable year 1981 (Docket No. 20667-85). After concessions, [2] *395 *394 the only issues presented to the Court for decision are whether petitioner is entitled to deductions pursuant to section 162(a)(2)[3] claimed for travel expenses, including meals and lodgings at job sites away from Bruceton, Tennessee, and whether petitioner's taxable income is increased by allowances petitioner received from his employer for automobile and living expenses. Resolution of these issues is primarily dependent on whether petitioner had a tax home in Bruceton, Tennessee, during his taxable years 1980 and 1981. FINDINGS OF FACT Petitioner is an individual whose address at the time of the filing of the petitions in both cases was Bruceton, Tennessee (Bruceton). Petitioner timely filed individual Federal income tax returns, Forms 1040, for 1980 and 1981 with the Director, Memphis Service Center, Memphis, Tennessee. On January 18, 1984, and March 28, 1985, respondent mailed notices of deficiencies to petitioner for the years 1980 and 1981, respectively. Petitioner was born and raised in Bruceton and attended school there. He attended college at the University of Tennessee at Martin until June, 1976. Petitioner is single and since 1951 has lived in Bruceton with his parents. He has never owned a home in Bruceton. Petitioner's parents are now in their mid-seventies and both have health problems. During the years *396 at issue and since, petitioner has been taking care of his parents due to their ages and health problems. In November, 1976 Petitioner went to work for RAD Services, Inc. of Pittsburgh, Pennsylvania (RAD), as a radiation safety technician. RAD contracted to service and maintain nuclear power plants across the country. Petitioner's job responsibilities included refueling and maintenance of nuclear reactors. RAD sent petitioner to nuclear plants throughout the eastern United States where he worked on each job site from six weeks to 16 months. Petitioner worked at the following locations during the following dates: Date
Location
State
November 16, 1979
through
January 8, 1980
Duke Power Company
South Carolina
January 11, 1980
through
March 14, 1980
Boston Edison Company
Massachusetts
March 17, 1980
through
Philadelphia
August 21, 1980
Electric Company
Pennsylvania
October 6, 1980
through
Baltimore Gas &
November 30, 1980
Electric
Maryland
December 5, 1980
through
February 19, 1981
Duke Power Company
South Carolina
February 23, 1981
through
Philadelphia
April 10, 1981
Electric Company
Pennsylvania
April 13, 1981
through
June 2, 1981
Georgia Power Company
Georgia
June 9, 1981
through
late 1981
Duke Power Company
South Carolina
Petitioner *397 usually went directly to the next job site from his current job site without returning first to Bruceton, but occasionally he went to Bruceton between jobs. He spent six weeks in Bruceton during 1980 and only one weekend during 1981. The only reason petitioner returned to Bruceton was to see his parents and to help out around their house. Petitioner rented temporary housing near each job site. In 1981, petitioner rented a home in Seneca, South Carolina until the owner gave him notice that he would either have to buy the property or move out. Petitioner bought the house and continued to live there from August, 1981 through October, 1981. When his work for RAD near Seneca ended in October, 1982, petitioner sold the house. Petitioner usually opened a checking account at locations near his place of work, although he also maintained checking and savings accounts in Bruceton. Petitioner owned several cars, one of which was registered in South Carolina. Other cars were registered in Tennessee. Insurance on petitioner's cars was obtained from a Bruceton insurance agency. Petitioner maintained driver licenses in Tennessee and Georgia. During 1980 and 1981 petitioner was a registered *398 voter in Tennessee. Although petitioner served in public office while living in Bruceton during 1972, he did not hold a public office in Tennessee after becoming an employee of RAD. During 1980 and 1981, petitioner paid his parents $ 50 per month [4] and paid several telephone bills incurred at, or charged to, the telephone located at his parents' home. The telephone bills contained numerous long distance charges between petitioner and his parents. Petitioner has claimed no business purpose for the phone calls. Petitioner worked for RAD for a total of approximately six and one-half years. During that time, RAD was his only employer and source *399 of income. Petitioner had no business activity in Bruceton during the years in issue. From January 1, 1980 to July 10, 1980 RAD paid petitioner $ 35 per day for meals and lodging. From July 11, 1980 until July 5, 1981 RAD paid petitioner $ 38 per day for meals and lodging; and from July 6, 1981 through December 31, 1981 RAD paid petitioner $ 40 per day for meals and lodging. RAD paid petitioner an auto allowance of $ 6 per day until July 6, 1981, when it was increased to $ 8 per day. During 1980, petitioner received allowances totalling $ 11,756 for meals and lodging and $ 1,160 as an auto allowance. In 1981, petitioner received allowances for meals and lodging totalling $ 14,428 and auto allowance of $ 2,106. None of the allowances were included on the Form W-2 provided petitioner by RAD and petitioner did not report the allowances as income on his Federal income tax returns. Petitioner deducted $ 8,749 ($ 10,349 car expenses less $ 1,600 expenses paid by employer) for car expenses on his return for 1980, all of which respondent disallowed in the notice of deficiency. Respondent also added $ 13,366 as additional income for reimbursements and allowances. Petitioner deducted $ 2,944 *400 ($ 4,644 less $ 1,700 expenses paid by employer) for car expenses for 1981, all of which respondent disallowed in the notice of deficiency for 1981. Respondent also added $ 16,534 as additional income for reimbursements and allowances received by petitioner from his employer. OPINION Petitioner maintains that in 1980 and 1981 his home was in Bruceton, and that pursuant to section 162(a)(2) he may deduct certain expenses he incurred for living and travelling while away from home (Bruceton) in the pursuit of business. Respondent argues that petitioner is not entitled to the deductions claimed for employee business expenses and that allowances paid petitioner by RAD for automobile and subsistence expenses are includable in petitioner's taxable income in full, with no offsetting deductions, because petitioner was not away from home for tax purposes when employed by RAD during 1980 and 1981. The location of petitioner's "home" for tax purposes is a factual question and the burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rambo v. Commissioner,69 T.C. 920 (1978); Rule 142(a). Section 262 [5] states that personal expenses are not deductible, unless the contrary *401 is "expressly provided" in some other code section. Section 162(a)(2)[6] expressly permits a taxpayer to deduct what might otherwise be personal expenses it incurred "away from home in the pursuit of a trade or business." This section is intended to provide relief to the taxpayer who incurs "substantial continuing expenses" of a home which are duplicated by business travel away from home. James v. United States,308 F.2d 204 (9th Cir. 1962). To qualify for this deduction, all of the following conditions must be met: [Commissioner v. Flowers,326 U.S. 465, 470 (1946)] *402 (1) The expense is a traveling expense (this includes such items as transportation fares and food and lodging expenses incurred when traveling); (2) The expense is incurred while "away from home;" (3) The expense is an ordinary and necessary business expense incurred in pursuit of a trade or business. Respondent does not dispute that petitioner's expenses were paid, were "traveling expenses" and were "incurred in pursuit of business." Instead, respondent argues that petitioner's expenses were not incurred while away from home. This Court has held that as a general rule "home," as used in section 162(a)(2), means the vicinity of the taxpayer's principal place of employment and not where his nor her personal residence is located. E.g., Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Daly v. Commissioner,72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981). A taxpayer's personal residence may be the "tax home" if the principal place of business is "temporary" rather than "indefinite." See Peurifoy v. Commissioner,358 U.S. 59, 60 (1958). Respondent does not contend that petitioner's jobs were indefinite. An employee without a principal place of business may treat a permanent *403 place of residence at which he incurs substantial continuing living expenses as his tax home. Sapson v. Commissioner,49 T.C. 636, 640 (1968). However, where the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away. His home is wherever he happens to be. Brandl v. Commissioner,513 F.2d 697, 699 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; Rosenspan v. United States,438 F.2d 905, 912 (2d Cir. 1971), cert. den. 404 U.S. 864 (1971); James v. United States,308 F.2d 204 (9th Cir. 1962). When determining a taxpayer's tax home, this Court has consistently held that objective financial criteria bear a closer relationship to the determination than does the subjective intent of the taxpayer. See Barone v. Commissioner,85 T.C. 462 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986). The Sixth Circuit, to which an appeal of our decision would lie, has ruled that the taxpayer's tax home is the place where he (1) spends more of his time; (2) engages in greater business activity; and (3) derives a greater proportion of his income. See Markey v. Commissioner490 F.2d 1249, 1255 (6th Cir. 1974). *404 By applying the above standard established by the Sixth Circuit, we conclude that Bruceton was not petitioner's tax home and that he is not entitled to deductions under section 162 for travel and living expenses he incurred during the years in issue. Petitioner spent six weeks in Bruceton during 1980 and only one weekend during 1981. At all other times, petitioner lived and worked away from Bruceton. The amount of time petitioner spent in Bruceton is almost inconsequential. Furthermore, all of petitioner's business activity and income was generated away from Bruceton. Petitioner testified that his employment with RAD, none of which was performed at or near Bruceton, was his only source of income during the years in issue and that he had no other business activity. Petitioner testified his primary reason for returning to Bruceton was to care for his parents who were in poor physical health. While we commend petitioner for both the financial and emotional support he gave his parents, we have no choice but to deny deductions for the travel and living expenses incurred by petitioner in 1980 and 1981. The expenses incurred by petitioner in Bruceton do not rise to the level of "substantial *405 continuing expenses" intended to be deductible under section 162. See James v. United States, supra at 207. Having concluded that Bruceton was not petitioner's tax home during the years in issue, petitioner must include as income the allowances he received from RAD for automobile and living expenses. Cockrell v. Commissioner,321 F.2d 504 (8th Cir. 1963), affg. 38 T.C. 470 (1962); Kalist v. Commissioner,321 F.2d 508 (8th Cir. 1963), affg. T.C. Memo. 1962-159; Courtney v. Commissioner,32 T.C. 334 (1959). To reflect concessions by the parties, the Decision will be entered under Rule 155.
Footnotes
1. An attorney who co-signed the petition withdrew as counsel for petitioner, without objection, about two weeks before the case was called to trial, on the ground that "petitioner has decided to appear pro se in this matter." ↩
2. Petitioner concedes he is not entitled to deductions for a casualty loss and telephone expenses for taxable year 1980 and that he is not entitled to deductions for certain contributions and telephone expenses in 1981. Respondent concedes petitioner is entitled to a deduction of $ 2,946.99 for interest expense paid in taxable year 1981, which amount is $ 726.99 greater than that claimed as a deduction on petitioner's return and disallowed in respondent's notice of deficiency. Respondent further concedes that petitioner is entitled to a deduction for a bad debt as claimed on his 1981 Federal income tax return. The parties further stipulate that if we determine that petitioner's tax home in 1981 was Bruceton, Tennessee, $ 152 of unemployment compensation received by petitioner in 1981 will not be treated as taxable income. 3. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. Petitioner testified that the $ 50 monthly payments constituted rent for the use of his parents' home, valued at $ 14,500 during the years in issue. Respondent questioned whether the payments were in reality gifts made by petitioner to his parents. We found petitioner to be a credible witness, but we think the payments were more likely support payments made by a caring son. It is difficult to accept that petitioner, a single individual with no dependents, would pay two years rent for a room used only seven weeks during the 24-month period. ↩
5. Section 262. PERSONAL LIVING, & FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses. ↩
6. Section 162. TRADE OR BUSINESS EXPENSES. (a) In general. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * (2) Traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or businss; * * *. ↩