**Allan C. DEAMER and Sharon L. Deamer, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 84–1965.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1984.

Decided Jan. 14, 1985.

Allan C. Deamer and Sharon L. Deamer, pro se.

Glenn L. Archer, Jr. and Michael L. Paup, Justice Dept., Washington, D.C., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Allan C. Deamer and Sharon L. Deamer appeal from the decision of the United States Tax Court sustaining a federal income tax deficiency assessed against them in the amount of $1,125 for the taxable year 1976. This court has jurisdiction pursuant to 26 U.S.C. § 7482. For reversal the Deamers argue that the tax court erred in (1) determining that Allan Deamer was an "itinerant" during 1976 and therefore could not deduct traveling expenses pursuant to 26 U.S.C. § 162(a)(2), (2) denying their motion for a continuance and (3) excluding certain exhibits from stipulations of fact. We hold that the determination of the tax court is correct and affirm.

Deamer is a contractual consultant engineer in the aircraft industry. According to Deamer's own testimony regarding his job description, he works for several contract service firms on temporary job assignments at various client companies. The job necessarily requires him to travel to the client companies while on an assignment which may last anywhere from several weeks to two years. From 1969 to 1981, a number of contract service firms employed Deamer to work at nine different locations in five states. During the taxable year in question, 1976, Deamer worked for three different aircraft companies in three states. For the first six weeks of 1976, Deamer completed an eight-month assignment in New Orleans, Louisiana. After six weeks of unemployment, Deamer worked on a job assignment in California for seven weeks. Finally, Deamer moved to St. Louis, Missouri, to work on a job assignment which was expected to last at least one year. During 1976, Deamer's family resided in a rented apartment in New Orleans, Louisiana, until July. At that time the family moved to St. Louis where they resided with Deamer until 1981. Deamer deducted living and transportation expenses in the amount of $5,572.88, which he incurred while on the job assignments in Louisiana, California and Missouri. The Commissioner disallowed these deductions, because Deamer did not have a "home" within the meaning of 26 U.S.C. § 162.

I. Traveling expenses deduction

The cost of traveling, including food and lodging, is generally considered a non-deductible personal expenditure, 26 U.S.C. § 262; *Frederick v. United States*, 603 F.2d 1292, 1294 (8th Cir.1979). There

is, however, an exception for business expenses. Title 26 U.S.C. § 162(a)(2) provides:

> There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—
>
> ....
>
> ▪ traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business ....

In order to be deductible under this section, a travel expense must: (1) be reasonable and necessary, (2) be incurred while the taxpayer is away from home, and (3) be incurred while the taxpayer is in pursuit of a trade or business. *See Commissioner v. Flowers*, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946). The tax court determined that Deamer did not meet the second requirement, because he did not have a "home" from which he could be away.

▪ The Deamers argue that Allan Deamer's "tax home" was in the New York metropolitan area during 1976 or, alternatively, his tax home moved to New Orleans, Louisiana. We disagree; we affirm the tax court's holding that Deamer did not have a "home" within the meaning of § 162 and that the Deamers therefore may not claim a traveling expense deduction.

▪ The meaning of the term "home" within the context of § 162 is far from clear. *See generally Hantzis v. Commissioner*, 638 F.2d 248, 252–54 (1st Cir.), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 973 (1981). One's tax home, as construed by this court, generally means one's principal place of business. *Weiburg v. Commissioner*, 639 F.2d 434, 437 (8th Cir.1981) (per curiam); *Cockrell v. Commissioner*, 321 F.2d 504, 507 (8th Cir.1963). Hence, "[w]hen a taxpayer who maintains a residence in the vicinity of [the taxpayer's] principal place of employment is required to travel to a different location for

temporary work, [the taxpayer] is considered to be 'away from home.'" *Michel v. Commissioner*, 629 F.2d 1071, 1073 (5th Cir.1980) (per curiam); *see also Frederick v. United States*, 603 F.2d at 1294–95.

Implicit in the "away from home" requirement, however, is the premise that the taxpayer actually has a "home." Hence, one who has no principal place of business or a permanent residence is considered an itinerant. *Michel v. Commissioner*, 629 F.2d at 1073–74. An itinerant may not deduct expenses under this section, because he is never considered to be "away from home." *Id.* at 1073.

▪ The location of a taxpayer's home and whether he or she is "away from home" within the meaning of § 162 ordinarily involves a question of fact upon which the taxpayer bears the burden of proof. *Id.* at 1073; *Jenkins v. Commissioner*, 418 F.2d 1292, 1294 (8th Cir.1969) (per curiam). A factual determination by the tax court will not be reversed unless clearly erroneous. *Nickerson v. Commissioner*, 700 F.2d 402, 405 (7th Cir.1983). The tax court specifically found that Deamer was an itinerant whose home moved from place to place according to his job assignment. "[W]here a taxpayer is constantly on the move due to his work, he is never 'away' from home." *Hantzis v. Commissioner*, 638 F.2d at 253. We hold that the tax court's finding that the Deamers did not have a "home" within the meaning of 26 U.S.C. § 162(a)(2) during the year 1976 is not clearly erroneous.

The Deamers contend that Allan Deamer's home was in the New York metropolitan area. Allan Deamer presented evidence that he owned a home in New York, that he continually attempted to secure employment in that area, and that his intention throughout the time he worked in other locations was to return to New York. The Commissioner presented evidence that the Deamers had not lived in their New York residence since 1973, that they began leasing their house to tenants in January 1975, and that they continued to lease the

house throughout the year 1976 and for several years thereafter. The Deamers claimed depreciation and other business deductions on their house in 1976. Furthermore, Allan Deamer did not present any evidence of any business relationship in the New York area for the year 1976. Indeed, Deamer's last employment in the New York area was in 1972.

The Deamers argue, in the alternative, that Allan Deamer's "home" moved to New Orleans, Louisiana, for purposes of § 162. Deamer claims because his family resided there in a rented apartment while he was on assignment in California and St. Louis, his home remained in New Orleans for the taxable year 1976. Deamer's family, however, moved to St. Louis in July 1976, after he accepted a job assignment in that area. Deamer presented no evidence to indicate that he intended to return to New Orleans or that he kept any business relationship within the area after he left.

## II. Denial of continuance

■ The Deamers also argue they were denied a fair trial because the tax court refused to grant their motion for a two-month continuance presented the day before trial. Specifically, the Deamers argue that there were discrepancies in the identification of exhibits provided in the stipulations of fact and that the stipulations were not sent to them until one week before trial.

Tax Court Rule 134 provides for granting continuances; however, an action will not be delayed by a motion for continuance unless it "sets forth good and sufficient cause." *Id.* In support of the motion for a continuance, the Deamers alleged only that the identification of the exhibits in the stipulations was erroneous and confusing. Although the tax court did not grant a continuance, it did allow the parties an afternoon conference to clear up any discrepancies in the stipulations. We hold the tax court did not abuse its discretion in denying the motion for continuance. *Mid-Continent Sup-*

*ply Co. v. Commissioner*, 571 F.2d 1371, 1376 (5th Cir.1978).

## III. Exclusion of exhibits

■ Finally, the Deamers argue that certain exhibits should have been included in the stipulations of fact.[1] Tax Court Rule 91 provides:

> The parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact.
>
> ... Documents or papers or other exhibits annexed to or filed with the stipulation shall be considered to be part of the stipulation.

We have reviewed the proffered exhibits and hold that the Deamers were not prejudiced by the exclusion of the exhibits. Several of the exhibits presented evidence in support of facts which were already set forth in the stipulations. Because the parties agreed that "all stipulated facts shall be conclusive," the exhibits would have "made available no additional material evidence." *Mid-Continent Supply Co. v. Commissioner*, 571 F.2d at 1376. The remaining exhibits were irrelevant to the issues before the tax court.

Accordingly, we affirm the tax court's decision sustaining the tax deficiency of $1,125 assessed against the Deamers.

---

1. Because the transcript of the pretrial conference is not a part of the record, we do not know whether the tax court actually denied the admittance of the exhibits into evidence.