T.C. Memo. 2003-65


UNITED STATES TAX COURT


WILLIAM J. McNEILL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12463-01.                    Filed March 6, 2003.


William J. McNeill, pro se.

James A. Kutten and Thomas C. Pliske, for respondent.


MEMORANDUM OPINION


THORNTON, Judge:  Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax Sec. 6654 |
|------|-----------|--------------|
| 1998 | $4,065 | $84.71 |
| 1999 | 3,389 | 42.16 |

After concessions,[1] the sole issue for decision is whether petitioner is entitled to deduct expenses for travel and meals under section 162(a)(2).[2]

The parties have stipulated some facts, which we incorporate herein by this reference. When he filed his petition, petitioner resided in Crystal City, Missouri.

### Background

During the years at issue, petitioner owned and operated a long-haul, over-the-road truck. He was on the road about 360 days in 1998 and about 345 days in 1999.

In 1998, petitioner spent 5 days at a house in Green Bay, Wisconsin (the Green Bay house), which petitioner's partner owned. The major expense petitioner incurred at the Green Bay

_____

[1] On brief, respondent has conceded the sec. 6654 additions to tax. In his amended petition, petitioner alleged that respondent's determination of tax set forth in the notice of deficiency was erroneous because: (1) The deficiencies in petitioner's income taxes were not determined by an authorized delegate of respondent; (2) the notice of deficiency was not sent by an authorized delegate of respondent; (3) respondent's deficiency determination was arbitrary; (4) petitioner's self-employment tax liability and corresponding deduction should not have been increased for the tax years at issue; and (5) petitioner was entitled to claim an earned income credit for the years at issue. Petitioner did not pursue these issues at trial or on brief; therefore, we deem petitioner to have abandoned them. See Burbage v. Commissioner, 82 T.C. 546, 547 n. 2 (1984), affd. 774 F.2d 644 (4th Cir. 1985).

[2] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.

house was for the telephone.  He paid no rent there and did not contribute to mortgage payments.

In April 1998, petitioner agreed to buy a friend's mobile home in Bonne Terre, Missouri (the mobile home), making payments of about $1,000 per year before receiving title to the mobile home in 2001.  In 1998 and 1999, petitioner paid no utilities or maintenance expenses with respect to the mobile home.  In 1998, petitioner would stop at the mobile home only for a few hours while reloading his truck.  In 1999, petitioner spent about 20 days at the mobile home.

For each year at issue, petitioner filed a Form 1040, U.S. Individual Income Tax Return.  On Schedule C, Profit or Loss From Business (Schedule C), attached to his 1998 return, petitioner deducted $8,006 for travel expenses and $6,480 for meals expenses.  On Schedule C attached to his 1999 return, petitioner deducted $5,799 for travel expenses and $5,760 for meals expenses.  In the notice of deficiency, respondent disallowed all these claimed deductions.

## Discussion

The cost of traveling, including food and lodging, is generally considered a nondeductible personal expenditure.  See Deamer v. Commissioner, 752 F.2d 337, 338 (8th Cir. 1985), affg. T.C. Memo. 1984-63.  A deduction is allowed, however, for ordinary and necessary business expenses, including "traveling

expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business". Sec. 162(a)(2). In this context, "home" generally refers to the taxpayer's principal place of employment, if he has one; otherwise, he may treat as his tax home a permanent residence at which he incurs substantial continuing living expenses. See Barone v. Commissioner, 85 T.C 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986). If, however, a taxpayer "'is constantly on the move due to his work, he is never "away" from home.'" Deamer v. Commissioner, supra at 339 (quoting Hantzis v. Commissioner, 638 F.2d 248, 253 (1st Cir. 1981)). Lacking a tax home, the taxpayer is entitled to no business deduction for traveling expenses under section 162. See Kroll v. Commissioner, 49 T.C. 557, 562 (1968).

During the tax years at issue, petitioner had no principal place of business, nor did he incur substantial living expenses at a permanent residence. His stays at the Green Bay house (about 5 days in 1998) and the mobile home (about 20 days in 1999) were sporadic and brief. Apart from the $1,000 annual payments on the mobile home, he had no substantial continuing living expenses at either the Green Bay house or the mobile home. Rather, petitioner was constantly on the move due to his work. Consequently, he had no tax home within the meaning of section

162(a)(2) and is not entitled to the claimed deductions for traveling expenses (including meals expenses).

Accordingly, respondent's disallowance of petitioner's claimed traveling expenses (including meals expenses) is sustained.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered for respondent as to the deficiencies</u>.