T.C. Memo. 2010-12

UNITED STATES TAX COURT

JAMES M. AND JERI L. MINICK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6517-07.                    Filed January 21, 2010.

James M. and Jeri L. Minick, pro se.

<u>Michael T. Sargent</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent determined an income tax
deficiency of $3,628 for petitioners' 2004 tax year.

After concessions, the parties dispute the following:  (1)
Whether petitioner James M. Minick (Mr. Minick) was "away from

home" within the meaning of section 162(a)(2)[1] for business purposes during the taxable year 2004; (2) if Mr. Minick was away from home within the meaning of section 162(a)(2), whether he sought reimbursement for claimed unreimbursed employee business expenses for the taxable year 2004; and (3) whether Mr. Minick and Jeri L. Minick (Mrs. Minick) are entitled to an itemized deduction for unreimbursed employee business expenses for the taxable year 2004.[2]  As explained below, this Court holds that petitioners cannot deduct their claimed travel expenses, because Mr. Minick was not "away from home" within the meaning of section 162(a)(2) and petitioners' expenses were not ordinary and necessary business expenses.  This determination makes any remaining issues moot.

                          FINDINGS OF FACT

     The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference, and the facts stipulated are so found.  During the taxable year 2004 Mr. and Mrs. Minick (petitioners) maintained a personal residence in Eure, Gates County, North Carolina.  Petitioners resided in Eure at the time their petition was filed.

_____

     [1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

     [2]This issue is considered prior to the application of the 2 percent of gross income limitation imposed by sec. 67(a).

Mr. Minick failed to appear at trial. Mrs. Minick testified on behalf of petitioners. Petitioners married in 2002. In Eure Mrs. Minick worked at a shipyard for 24 years before her marriage to Mr. Minick. She raised her children from a prior marriage there on a property with a mobile home (the Eure residence). She has been making mortgage payments on the Eure residence for 23 years. She expressed an emotional attachment to the Eure residence and believes that she would never sell it.

Petitioners married when Mrs. Minick was "between jobs". Neither of the Minicks had employment in Eure during the tax year at issue. Petitioners often traveled to Virginia so that Mrs. Minick could stay with and care for her sick mother. Petitioners considered Virginia their home State in 2004. Petitioners maintained Virginia driver's licenses, and their cars were registered and titled in that State. Petitioners had to travel outside the Eure area to find work. Mrs. Minick estimated that approximately 85 percent of Gates County residents received welfare benefits because that county's impoverished economy could not offer any employment opportunities. During 2004 Mrs. Minick spent an undisclosed amount of time traveling between Virginia, Eure, and Mr. Minick's assigned jobsites. Mrs. Minick was not employed during that same year, and only after that tax year did Mrs. Minick work at the same construction site as Mr. Minick.

Throughout 2004 Pizzagalli Construction (Pizzagalli) hired Mr. Minick as a field engineer and considered him an hourly employee. Pizzagalli was in South Burlington, Vermont, but Mr. Minick worked elsewhere. He worked where hospitals or water treatment plants were being built. At each jobsite he surveyed the land at the beginning of the construction process. The Minicks did not live in or near the area where Pizzagalli was located at anytime during the tax year 2004.

From January 2004 to July 2004 Mr. Minick was assigned to a jobsite in Taylors, South Carolina. From July 2004 to December 2004 Mr. Minick worked at an assigned jobsite in Flowery Branch, Georgia. Pizzagalli expected its hourly employees to live in motels while finding an apartment or other housing to rent near an assigned jobsite. When not traveling between Virginia and Eure, Mrs. Minick accompanied Mr. Minick to the assigned jobsites, where they resided in a camper. Petitioners had purchased that camper to travel between the jobsites. The cost of maintaining the camper was less than renting an apartment or other housing. Petitioners did not use the camper for camping. Mrs. Minick did not accompany Mr. Minick when he lived in motels. In September and November 2004 Mr. Minick stayed at Lake Lanier Lodges.

During 2004 petitioners maintained the Eure residence. They made mortgage payments and paid utilities expenses. No one lived

in the Eure residence when petitioners were not there. Petitioners considered Mr. Minick's assigned jobsites to be temporary and intended to return to Eure when possible.

Petitioners timely filed a joint return for the taxable year 2004. The return indicated that petitioners' home address was a post office box in Harpers Ferry, West Virginia. Petitioners claimed deductions for unreimbursed employee expenses related to Mr. Minick's employment with Pizzagalli.[3] Petitioners claimed deductions for "MOTELS" expenses of $2,341 and "LIVING EXPENSES" of $13,075 before respondent had conceded certain expenses, including business mileage, phone expenses, safety equipment, tools, and other miscellaneous expenses. Petitioners' "LIVING EXPENSES" included mortgage payments on the camper, camper parking lot rent payments, insurance on the camper, gas, tolls, and repairs and maintenance on the camper. Those "LIVING EXPENSES" also included insurance on the Eure residence, utilities payments for the Eure residence, life insurance, medical insurance, and DirecTV cable bills. Petitioners purchased an insurance policy on Mr. Minick's life from Chase

---

[3]Petitioners claimed an itemized deduction for unreimbursed employee business expenses of $18,983 for the taxable year 2004. At the start of the trial respondent conceded that petitioners are entitled to a $4,602 deduction for these expenses, consisting of the following: (I) Safety equipment in the amount of $600; (ii) a depreciation and sec. 179 expense deduction for small tools in the amount of $250; (iii) phone maintenance in the amount of $2,627; and (iv) vehicle expenses of $1,125, consisting of 3,000 miles at the applicable standard mileage rate.

Insurance Life Co., an insurance policy on Mrs. Minick's life from Zurich Life Insurance Co. of America, and an insurance policy that would cover Mrs. Minick's medical expenses from NNS Group Insurance.

OPINION

For the expenses remaining in dispute, the parties have raised the following issues:  (1) Whether Mr. Minick was "away from home" within the meaning of section 162(a)(2) for business purposes during the taxable year 2004; (2) if Mr. Minick was away from home within the meaning of section 162(a)(2), whether he sought reimbursement for unreimbursed employee business expenses for the taxable year 2004; and (3) whether petitioners are entitled to an itemized deduction for unreimbursed employee business expenses for the taxable year 2004.  As explained below, this Court holds that petitioners cannot deduct their claimed travel expenses, because Mr. Minick was not "away from home" within the meaning of section 162(a)(2) and petitioners' expenses were not ordinary and necessary business expenses.  This determination makes the remaining issues moot.

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving their entitlement to a deduction. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Petitioners argue that their claimed unreimbursed

employee business expenses are deductible because they were incurred while Mr. Minick was traveling away from home for business purposes.

Section 262 provides that a taxpayer generally cannot deduct personal, living, or family expenses. However, section 162(a)(2) allows taxpayers to deduct travel expenses paid or incurred while away from home in the pursuit of a trade or business. Travel expenses include travel fares, meals, lodging, and other expenses incident to travel. Sec. 1.162-2, Income Tax Regs. The deduction for "away from home" travel expenses alleviates the burden of duplicate living expenses incurred by a taxpayer whose business needs require him to maintain two places of abode. Kroll v. Commissioner, 49 T.C. 557, 562 (1968).

In order to claim a travel expense deduction, a taxpayer must show that his expenses are ordinary and necessary, that he was away from home when he incurred the expense, and that the expense was incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Whether a particular expense fulfills these three conditions is generally a question of fact. Id. All three conditions must be satisfied to claim the deduction. See id. at 472. Petitioners have failed to demonstrate that Mr. Minick was away from home within the meaning of section 162 and that their expenses were ordinary and necessary business expenses.

Under section 162, the term "'home' does not have its usual and ordinary meaning." Henderson v. Commissioner, 143 F.3d 497, 499 (9th Cir. 1998) (quotation marks omitted), affg. T.C. Memo. 1995-559. This Court has interpreted a taxpayer's "home" under section 162 to mean his principal place of employment and not where his personal residence is located. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). The Court must consider the "away from home" requirement "in light of the further requirement that the expense be the result of business exigencies". Hantzis v. Commissioner, 638 F.2d 248, 253 (1st Cir. 1981), revg. T.C. Memo. 1979-299. Where a taxpayer's principal place of employment is other than his residence and he chooses not to move his residence for personal reasons, his additional living and travel expenses are a result of that personal choice. Such personal expenditures cannot be deemed ordinary and necessary business expenses. Commissioner v. Flowers, supra at 473-474; Tucker v. Commissioner, 55 T.C. 783, 786 (1971).

An exception to the general rule does exist. A taxpayer may claim his personal residence as his home in situations where the taxpayer is away from his home on a temporary, rather than indefinite or permanent basis. Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Kroll v. Commissioner, supra. If a taxpayer cannot show that he had both a permanent and temporary abode for

business purposes during the year at issue, he is not entitled to the deduction.  See Kroll v. Commissioner, supra; Farran v. Commissioner, T.C. Memo. 2007-151; Bauer v. Commissioner, T.C. Memo. 1973-111; see also Rosenspan v. United States, 438 F.2d 905, 912 (2d Cir. 1971) (holding that traveling salesman had no permanent place of abode); James v. United States, 308 F.2d 204, 207 (9th Cir. 1962); Hicks v. Commissioner, 47 T.C. 71, 74 (1966); Deneke v. Commissioner, 42 T.C. 981, 983 (1964); Verner v. Commissioner, 39 T.C. 749, 755-756 (1963) (holding that engineer maintained no abode in area from which he was transferred).  The Court may consider a taxpayer's subjective intent as to the length of time he may wish to remain in a particular position, but it is not a controlling factor in determining whether that position is temporary or indefinite. See, e.g., Henderson v. Commissioner, supra at 500.

In arguing that their "home" was their Eure residence and that Mr. Minick was temporarily away from that home while working at the assigned jobsites, petitioners rely on the exception to the general rule.  The Court disagrees with petitioners' inaccurate application of the law.

The Court need not decide whether Mr. Minick's work at the assigned jobsites was "temporary" or "indefinite" if Mr. Minick had no "tax home" pursuant to section 162.  See, e.g., Hantzis v. Commissioner, supra at 255; Stewart v. Commissioner, 77-2 USTC

par. 9617 (10th Cir. 1972), affg. T.C. Memo. 1971-307. An individual may be considered as an itinerant for purposes of section 162 if that individual has neither a principal place of business nor a place he resides permanently. Deamer v. Commissioner, 752 F.2d 337, 339 (8th Cir. 1985), affg. T.C. Memo. 1984-63; Edwards v. Commissioner, T.C. Memo. 1987-396; see also Hantzis v. Commissioner, supra at 253 (finding that "where a taxpayer is constantly on the move due to his work, he is never 'away' from home"). The Court considers all the facts and circumstances of a particular case to determine the existence of an individual's tax home. Henderson v. Commissioner, supra at 500. Courts have examined the following objective factors set forth in Rev. Rul. 73-529, 1973-2 C.B. 37,[4] with respect to this determination: (1) Whether there exists a business connection to the location of the alleged tax home; (2) whether duplicate living expenses are incurred while traveling and while maintaining the alleged tax home; and (3) whether personal connections exist to the alleged tax home. See Henderson v. Commissioner, supra at 500. For the following reasons, the Court

---

[4]While revenue rulings do not have force of law, they are instructive because they represent the interpretations of the agency responsible for enforcing the tax laws. See Henderson v. Commissioner, 143 F.3d 497, 500 n.2 (9th Cir. 1998), affg. T.C. Memo. 1995-559; see also Merchs. Indus. Bank v. Commissioner, 475 F.2d 1063, 1064 (10th Cir. 1973), affg. T.C. Memo. 1972-18.

holds that Eure was not Mr. Minick's tax home and that he was an itinerant for the tax year 2004.

First, Mr. Minick had no business reason for his tax home to be in Eure. Petitioners contend that Mr. Minick traveled to the assigned jobsites because no employment opportunities existed in the Eure area. During the year at issue Mr. Minick spent approximately 6 months at each of the two assigned jobsites. During 2004 Mr. Minick did not return to Eure at any time for business purposes. Moreover, petitioners gave no indication of any foreseeable ability or intention to return to Eure for business purposes. Petitioners had no business reason for maintaining their Eure residence.

Courts may regard a taxpayer's decision to keep his family at his previously established residence as motivated by personal reasons unrelated to his trade or business where a taxpayer has no business ties to the area of that residence and when the prospects for employment in his chosen profession are better away from the area than in it. Tucker v. Commissioner, supra at 787; see also Hantzis v. Commissioner, 638 F.2d at 255. This is so even though his job in another place lasts for less than a year. See, e.g., Tucker v. Commissioner, supra. Under some circumstances, a job duration of 6 months may be short enough to merit a finding that it would be unreasonable to expect the taxpayer to move his family. However, this Court cannot reach

such a conclusion here, where Mr. Minick has no business relationship with the Eure area for tax home purposes.

Mrs. Minick also had no business ties to the Eure residence on account of her unemployment during the year in issue. However, this fact is not dispositive, since the deduction claimed is not for her business activities.  In cases involving spouses with careers in different locations, "Each must independently satisfy the requirement that deductions taken for travel expenses incurred in the pursuit of a trade or business arise while he or she is away from home."  Hantzis v. Commissioner, supra at 254 n.11.

Second, petitioners failed to show that their living expenses incurred in the maintenance of the Eure residence had the requisite business connection.  In 2004 petitioners made mortgage and utilities payments for the Eure residence.  However, Mrs. Minick testified that petitioners' "home" was Virginia during that time and that petitioners' driver's licenses, as well as the registration and title to their car, were issued by the State of Virginia.  Mrs. Minick accompanied Mr. Minick at his assigned jobsites, where they resided in a camper[5] purchased for the purpose of traveling between the jobsites.  Mrs. Minick

---

[5]The Court notes that petitioners had already received deductions for their use of the camper.  At the commencement of the trial respondent conceded vehicle expenses of $1,125 for 3,000 miles at the applicable standard mileage rate.

appears to have spent a negligible amount of time at the Eure residence, and Mr. Minick seemingly did not return to Eure at all during the year in issue.  In any event, any duplicate living expenses are attributable to petitioners' personal choice and are not dictated by the exigencies or demands of Mr. Minick's business.

In the light of petitioners' failure to establish the existence of any business relationship with the Eure area, the Court finds neither that the Eure residence was Mr. Minick's tax home nor that he incurred the expenses in question while away from home within the meaning of section 162(a)(2).

For the tax year 2004 petitioners deducted "MOTELS" expenses and "LIVING EXPENSES" relating to the purchase and maintenance of their camper.  As discussed previously, Mr. Minick for the tax year 2004 was not away from home within the meaning of section 162.  The local motels and the camper allowed Mr. Minick to maintain his peripatetic lifestyle.  Mr. Minick's motel expenses and the cost of purchasing and using the camper were not dictated by the exigencies of his engineering trade.  The Court concludes that these motel and camper expenses are all personal expenses that cannot be deducted under section 162.

Likewise, the Court concludes petitioners' expenses incurred in the maintenance of the Eure residence are not deductible under section 162(a).  Petitioners deducted other "LIVING EXPENSES"

consisting of insurance premiums and utility bills for the tax year 2004. These expenses arose out of Mrs. Minick's choice to maintain her personal residence, and, therefore, Mr. Minick did not incur these expenses in the carrying on of his trade. Any expenses related to "The cost of insuring a dwelling owned and occupied by the taxpayer as a personal residence [are] not deductible." Sec. 1.262-1(b), Income Tax Regs. Furthermore, any "Expenses of maintaining a household, including amounts paid for rent, water, utilities * * * and the like, are not deductible." Id. Thus, the insurance payments and utilities expenses incurred for the maintenance of Mrs. Minick's Eure residence were personal expenses and not deductible as Mr. Minick's ordinary and necessary business expenses.

The Court further finds that their personal insurance premiums are not deductible as business expenses. Petitioners deducted their life insurance and medical premiums for the tax year 2004. The payments for Mrs. Minick's life and medical insurance are not ordinary and necessary business expenses because these expenses were not incurred in the furtherance of Mr. Minick's engineering trade or any other business conducted by him or Mrs. Minick. Nor does the record demonstrate that petitioners' payments of Mr. Minick's life insurance premiums are ordinary and necessary business expenses. Additionally, "Insuring against the costs of maintaining [petitioners'] health

is primarily a personal concern, not merely a business concern." Green v. Commissioner, 74 T.C. 1229, 1236 (1980).  Therefore, petitioners' payments of life and medical insurance premiums are not deductible under section 162.

Last, petitioners deducted the cost of their DirecTV service as a business expense.  Payments for television and cable bills are not deductible business expenses if they were not directly related to a taxpayer's business.  See, e.g., Judisch v. United States, 755 F.2d 823, 826 (11th Cir. 1985); Stemkowski v. Commissioner, 690 F.2d 40, 48 (2d Cir. 1982), affg. in part and revg. in part 76 T.C. 252 (1981).  Petitioners failed to prove how their cable service assisted Mr. Minick with his engineering duties.  Hence, the Court infers their DirecTV payments afforded them nothing more than personal entertainment.  Accordingly, petitioners' DirecTV payments were personal expenses and not deductible as ordinary and necessary business expenses.

Conclusion

Petitioners have failed to prove that Mr. Minick incurred ordinary and necessary business expenses while traveling away from home in the pursuit of business for the tax year 2004.  The Court therefore denies petitioners' claim to business expense deductions under section 162 for the expenses in dispute.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
