T.C. Memo. 2015-38

UNITED STATES TAX COURT

RICHARD K. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12282-12.                                  Filed March 9, 2015.

Richard K. Howard, pro se.

<u>Jessica R. Nolen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent determined a Federal income tax deficiency of $3,308 and an accuracy-related penalty under section 6662(a)[1] of $661.60 for petitioner's 2009 taxable year.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for 2009, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**   After concessions, the remaining issues for decision are:  (1) whether petitioner is entitled to an itemized deduction for unreimbursed employee business expenses for 2009;[2] (2) whether petitioner was "away from home" within the meaning of section 162(a)(2) for business purposes during 2009 and is entitled to deduct his unreimbursed traveling expenses; (3) whether petitioner may deduct a fine resulting from a trucking equipment violation; and (4) whether petitioner is liable for an accuracy-related penalty under section 6662(a) for 2009.

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  The stipulation of facts, the supplemental stipulation of facts, and the exhibits attached thereto are incorporated herein by this reference.  Petitioner resided in Missouri at the time his petition was filed.  During 2009 petitioner was a long-distance truck driver for a Nebraska trucking company and logged business travel for 358 days out of the year.  Because of the nature of his business, petitioner was not required to return to his employer's principal location to receive his next assignment.  Instead, he received his new driving assignment at the end point of the previous assignment.  Petitioner was required to have a commercial driver's license and had listed his

---

[2]This issue is considered before the application of the 2% of adjusted gross income limitation imposed by sec. 67(a).

[*3] mother's address in Kansas City, Missouri (Kansas City), because a "brick and mortar" address was required to obtain the license. Petitioner did not maintain any other residence during 2009.

Petitioner stayed at his mother's house only three days, July 19-21, 2009, because he was called for jury duty in Jackson County, Missouri. Jackson County, Missouri, uses driver's licenses of county residents to create potential juror pools and then summon those who have been selected. The Kansas City address on petitioner's commercial driver's license was an address within Jackson County.

Petitioner was in the Kansas City area an additional five nights in 2009: February 14, February 27, March 4, April 7, and April 15.[3] While in Kansas City petitioner did not stay at his mother's house and instead slept in his truck in a casino parking lot.

In 2009 petitioner did not keep his belongings at his mother's house; instead, he kept them in a rented storage locker. Petitioner did not pay his mother for rent, utilities, or any other expenses. If petitioner's mother needed money, he would loan it to her, but he did not make any loans to her in 2009.

---

[3]Petitioner's log lists that he was in Randolph, Missouri, where his employer's drop yard is located.

[*4]   When petitioner filed his 2009 Form 1040, U.S. Individual Income Tax Return, he relied solely on his own research of Internal Revenue Service publications and did not receive assistance from a professional.  On his 2009 return petitioner claimed deductions for State and local income taxes of $1,442 and unreimbursed employee business expenses of $27,108 on Schedule A, Itemized Deductions.  Petitioner's reported expenses included per diem expenses while on the road, a hotel expense, and other minor costs incurred while on the road.[4]  Petitioner's business expenses included service fees of $7,383 for truck stop electrification (TSE) such as "IdleAire" at truck stops and truck rest locations.[5]  None of the expenses petitioner deducted on his Schedule A were reimbursed by his employer as the employer's policy states that employees are responsible for payment of meals, hotels, parking charges, and other personal charges incurred by the employee.  At trial petitioner conceded some of his

---

[4]Petitioner deducted $19,019 for travel expenses while away from home, $7,991 for business expenses, and $98 for meals and entertainment.

[5]TSE typically fully substitutes for otherwise required truck engine idling on auxiliary generator use during federally regulated rest periods.  In 2009 petitioner used a total of 3,372 hours of TSE and paid a basic service fee of $7,334, averaging $2.17 per hour of TSE use.  In addition, IdleAire provided TV and Internet for a fee so that the truck engine and auxiliary generator did not have to be used.

**[\*5]** reported unreimbursed employee business expenses because they were

personal.[6]

Additionally, petitioner had deducted the cost of a traffic ticket he paid in

2009 for a mud flap that was apparently missing when he picked up the assigned

trailer. Petitioner's fine was payable to the Colorado Department of Revenue.

Petitioner's employer reimbursed him for replacing the mud flap but would not

reimburse him for the traffic ticket.

OPINION

I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed

correct, and the taxpayer bears the burden of proving it incorrect. See Rule

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are

a matter of legislative grace, and the taxpayer bears the burden of proving his

entitlement to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503

U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

---

[6]At trial petitioner conceded that purchases of clothing, a TV/DVD player, CDs, a Metro Transfer pass, and movie tickets were all personal. Petitioner also deducted the charge on an invoice for an employer-required truck wash, but during trial he conceded that it appeared to be billed to his employer; he just did not remember being reimbursed. Also at trial respondent conceded that petitioner is entitled to deduct the cost of a Garmin GPS device if he has sufficient itemized deductions to exceed the 2% threshold.

**[\*6]** Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner has not argued that section 7491(a) applies and has not shown that he meets its requirements to shift the burden of proof; therefore the burden of proof remains on him.

II.     Section 162(a)--Trade or Business Expenses

Section 262 generally disallows deductions for personal, living, or family expenses. However, section 162(a) permits a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Welch v. Helvering, 290 U.S. at 113. An expense is ordinary if it is customary or usual within a particular trade, business, or industry. Deputy v. Du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C. 1456, 1457 (1952). Whether an expenditure satisfies the requirements for deductibility under section 162 is generally a question of fact. Commissioner v. Heininger, 320 U.S. at 475. Respondent concedes that the per diem expenses, a hotel expense, and the IdleAire

**[*7]** bill were ordinary and necessary and that the expenses were incurred in the pursuit of petitioner's trade or business.

A.  Trade or Business Expenses and Truck Stop Electrification (TSE)

Petitioner reported $7,383 in IdleAire expenses on his 2009 Schedule A. This expense relates to TSE purchased at various truck stops and rest stops along petitioner's routes in 2009.  Respondent contends that TSE is analogous to a hotel and thus should be deemed an unreimbursed travel expense. The Court does not agree with that analogy but finds TSE is analogous to a diesel fuel substitute and not a hotel and is a trade or business expense.

The U.S. Department of Transportation (DOT) mandates that truck drivers rest 10 hours for every 14 hours of driving.  Federal Motor Carrier Safety Administration, Hours of Service of Drivers, 68 Fed. Reg. at 22467 (Apr. 28, 2003) (Hours of Service); U.S. Environmental Protection Agency (EPA), Guidance for Quantifying and Using Long Duration Truck Idling Emissions Reductions in State Implementation Plans and Transportation Conformity, Publ'n EPA 420-B-04-001, at 2 (January 2004) (EPA Guidance).  This requirement results in extended periods of time that drivers spend resting and sleeping in the cabs of their trucks.  Hours of Service, 68 Fed. Reg. at 22467; EPA Guidance, at 2. As a consequence, most long-haul truck drivers need to find a way to power their

[*8] trucks for close to 10 hours per day, as power allows them to generate electricity and charge the vehicle's batteries and warm up the engines. EPA Guidance, at 2; Josias Zietsman et al., Truck Stop Electrification as a Strategy To Reduce Greenhouse Gases, Fuel Consumption and Pollutant Emissions at 3, 88th Annual Meeting of the Transportation Research Board, Washington, D.C. (January 2009) (Reduce Greenhouse). This need generally leaves a truck driver with two options: power the vehicle with diesel fuel and let the truck idle or substitute diesel fuel consumption by using TSE at trucks stop and rest stops.

TSE provides a range of added benefits including: reducing the purchase of fuel, reducing emissions, and providing communication and entertainment to the drivers. U.S. Environmental Protection Agency (EPA), Truck Stop Electrification and Anti-Idling as a Diesel Emissions Reduction Strategy at U.S.-Mexico Ports of Entry at 3 (April 2009) (Reduction Strategy). [7] TSE allows truck drivers to have heat, air conditioning, and electricity for in-cab appliances without idling their truck engines. Josias Zietsman et al., National Deployment Strategy for Truck Stop Electrification at 3, Preprint of the 86th Annual Meeting of the

---

[7]Also, every hour of truck engine idling results in 22.2 pounds of carbon dioxide released into the atmosphere. Reduction Strategy at 3. This means that about 140,000 tons of carbon dioxide are emitted every day because of extended idling in the United States. Id.

**[*9]** Transportation Research Board, National Research Council (Washington, D.C.2006).

Petitioner paid $2.17 per hour for his use of TSE. According to the EPA, for every hour that a truck engine idles it burns roughly a gallon of diesel fuel and adds an additional 5 cents to 95 cents an hour in maintenance costs. Reduction Strategy at 3. In 2009 the average price of federally mandated ultralow sulfur diesel fuel in the United States was $2.47 per gallon. See U.S. Energy Information Administration (EIA), U.S. Gasoline and Diesel Retail Prices, http://www.eia.gov/dnav/pet/pet_pri_gnd_dcus_nus_a.htm (last visited Jan. 12, 2015). The price of diesel fuel in 2009 coupled with the added maintenance cost associated with idling a truck engine was substantially more than the cost of using TSE. Whether powering a vehicle with diesel fuel or TSE, a truck driver still accomplishes the same goal of powering the vehicle, charging the batteries, and operating the heating or cooling system.

Since the detailed billing system used by IdleAire segregates the personal use items such as membership fees and movies from the invoice total, petitioner is entitled to deduct $7,334 for the cost of the basic TSE service for the taxable year 2009. Accordingly, the Court does not see a distinction between a diesel fuel

[*10] expense and a TSE expense.[8]  Therefore, petitioner is entitled to a deduction for the cost of IdleAire as an unreimbursed employee business expense.

The taxpayer's burden requires him to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

If a taxpayer establishes that an expense is deductible, but is unable to substantiate the precise amount, we may estimate the deductible amount, bearing heavily against the taxpayer whose inexactitude is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis any allowance would amount to unguided largesse.  Williams v. United States, 245

---

[8]The Court is putting aside the added bonus of reduced emissions with TSE.

**[*11]** F.2d 559, 560-561 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Section 274 overrides the <u>Cohan</u> rule with regard to certain expenses. <u>See</u> <u>Sanford v. Commissioner</u>, 50 T.C. 823, 828 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 requires stricter substantiation for travel, meals, and certain listed property. Section 274(d) provides that no deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. <u>See</u> <u>Oswandel v. Commissioner</u>, T.C. Memo. 2007-183. Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation. Sec. 1.274-5T(a), Temporary Income Tax Regs., <u>supra</u>.

Section 274(d)(4) provides that no deduction shall be allowed "with respect to any listed property (as defined in section 280F(d)(4))" unless the taxpayer meets the heightened substantiation requirements. Section 280F(d)(4)(A)(ii) defines listed property to include "any other property used as a means of transportation". However, section 280F(d)(4)(C) provides that listed property under section

**[*12]** 280F(d)(4)(A)(ii) does not include "property substantially all of the use of which is in a trade or business of providing to unrelated persons services consisting of the transportation of persons or property for compensation or hire."

The Court finds that petitioner's truck is section 280F(d)(4)(C) property. In addition, the Court notes that section 274(d)(4) states "with respect to any listed property". The Court finds that petitioner's TSE IdleAire expenses were incurred "with respect to" the truck, which was not listed property. Accordingly, these expenses are not subject to the heightened substantiation requirements of section 274(d)(4).

On the basis of the record, the Court finds petitioner has provided adequate documentation to substantiate his unreimbursed employee business expenses. Petitioner provided the Court with detailed IdleAire location expense receipts and his detailed daily driving log, which supports petitioner's IdleAire locations in the course of duty. Therefore, the Court finds that petitioner has met the substantiation requirements for his unreimbursed employee business expense deduction with respect to the TSE expense and is entitled to deduct $7,334 for the cost of the basic TSE service for taxable year 2009, subject to the application of the 2% adjusted gross income limitation imposed by section 67(a).

**[\*13]** B.  Per Diem Expenses and a Hotel Expense--Traveling Expenses
        While Away From Home

Petitioner asserts that his other reported unreimbursed employee expenses
(per diem expenses and a hotel expense) are deductible because they were incurred
while petitioner was traveling away from his home for business purposes.  As
previously noted, under section 262 generally a taxpayer cannot deduct personal,
living, or family expenses.  However, section 162(a)(2) includes within the ambit
of section 162(a) traveling expenses while away from home in the pursuit of a
trade or business.  Traveling expenses include lodging, meals, travel fares, and
other expenses incident to travel.  Sec. 162(a)(2); sec. 1.162-2(a), Income Tax
Regs.  The purpose of the deduction for expenses incurred away from home is to
alleviate the burden on the taxpayer whose business requires him to maintain two
homes and therefore incur duplicate living expenses.  Kroll v. Commissioner, 49
T.C. 557, 562 (1968).  Duplicate costs are not deductible when the taxpayer
maintains two homes for personal reasons.  Sec. 262; Commissioner v. Flowers,
326 U.S. 465, 474 (1946).

To claim a traveling expense deduction, a taxpayer must show:  (1) that his
expenses are ordinary and necessary; (2) that he was away from home when he
incurred the expenses; and (3) that the expenses were incurred in pursuit of a trade

[*14] or business. Commissioner v. Flowers, 326 U.S. at 470. The taxpayer must satisfy three conditions to be entitled to the deduction. See id. at 472. Whether a particular expense fulfills these three conditions is generally a question of fact. Id. at 470. Taking into account respondent's concessions, the only issue remaining is whether petitioner was away from home when he incurred the expenses.

The Court has interpreted a taxpayer's "home", for purposes of section 162(a), as the city or location of his principal place of business and not where his personal residence is located. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). Under section 162 the term "home" does not have its usual and ordinary meaning. Henderson v. Commissioner, 143 F.3d 497, 499 (9th Cir. 1998), aff'g T.C. Memo. 1995-559; see Deamer v. Commissioner, 752 F.2d 337, 339 (8th Cir. 1985), aff'g T.C. Memo. 1984-63; see also Minick v. Commissioner, T.C. Memo. 2010-12.

During 2009 petitioner did not have a principal place of business. Petitioner was a long-distance truck driver and was on the road 358 days out of the year. In addition, he was not required to return to his employer's principal location and received his new driving assignment at the end point of the previous assignment. Thus, because of the nature of his employment, petitioner did not have a principal place of business for 2009.

[*15] In instances when a taxpayer does not have a principal place of business, a permanent place of residence may be considered a tax home. Barone v. Commissioner, 85 T.C. 462, 465 (1985), aff'd without published opinion, 807 F.2d 177 (9th Cir. 1986). An employee without a principal place of business may treat as his tax home a permanent place of residence at which he incurs substantial continuing living expenses. Sapson v. Commissioner, 49 T.C. 636, 640 (1968). A taxpayer has a home for this purpose only when he has incurred substantial continuing living expenses at the permanent place of residence. James v. United States, 308 F.2d 204, 207-208 (9th Cir. 1962); Barone v. Commissioner, 85 T.C at 466.

When the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away. Barone v. Commissioner, 85 T.C. at 465. His home is wherever he happens to be. Id. Additionally, if a taxpayer is "'constantly on the move due to his work, he is never "away" from home.'" Deamer v. Commissioner, 752 F.2d at 339 (quoting Hantzis v. Commissioner, 638 F.2d 248, 253 (1st Cir. 1981), rev'g T.C. Memo. 1979-299). Thus, the taxpayer will not be entitled to a business deduction for traveling expenses under section 162 as he does not have a tax home. Barone v. Commissioner, 85 T.C at 466.

[*16] Whether petitioner had a tax home and whether his mother's house was indeed his permanent residence are factual questions resolved by the fact that petitioner made only one visit to stay with his mother during the year in question and the visit lasted three days while he served jury duty. On the five other occasions on which petitioner visited the Kansas City area, he slept in his truck parked in a casino parking lot. Additionally, petitioner kept no belongings at his mother's house; instead, he kept them in a rented storage locker. Most significantly, petitioner bore no expenses in maintaining a home. He paid no money for rent, utilities, or any other household expenses during 2009.

Considering these facts, petitioner does not meet the threshold requirements for his mother's house to be deemed his permanent residence. Petitioner did not have any other qualifying residence for 2009. Thus, petitioner could not be away from home within the intent and meaning of section 162(a)(2) because he had no home to be away from. See Barone v. Commissioner, 85 T.C. at 465; Wirth v. Commissioner, 61 T.C. 855, 859 (1974). On the basis of his testimony at trial and the documents in the record, the Court finds that petitioner has failed to demonstrate that he was away from home within the meaning of section 162. Accordingly, he does not satisfy all of the conditions to claim a deduction under

**[*17]** section 162 for traveling expenses paid or incurred while away from home. See Commissioner v. Flowers, 326 U.S. 465.

III.    Section 162(f)(5)--Fine or Penalty

Petitioner deducted the cost of a traffic ticket that he paid in 2009 for a missing mud flap. Petitioner's fine was payable to the Colorado Department of Revenue. Section 162(a) provides the general rule that a taxpayer is allowed a deduction for all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. Section 162(f), however, limits deductions under subsection (a). Section 162(f) provides that no deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law. O'Connor v. Commissioner, T.C. Memo. 1986-444. Accordingly, this fine fits within the definition of subsection (f) and is not deductible.

IV.    Section 164(a)(3)--State and Local Income Taxes

The notice of deficiency disallowed all of petitioner's Schedule A deductions and substituted the standard deduction for 2009 ($5,700 for a single taxpayer). On Schedule A petitioner had claimed deductions for the amounts shown on his 2009 Form W-2, Wage and Tax Statement, for State and local income taxes paid. Section 164(a)(3) provides that State and local income taxes

[*18] are allowed as a deduction for the taxable year within which they are paid or accrued. Petitioner's Form W-2 for 2009 shows that petitioner paid $1,442 in State and local income taxes. Therefore, he is entitled to the deduction he claimed.

## V.   Conclusion

Petitioner is entitled to deduct only $7,334 of his unreimbursed employee business expenses for TSE and $170 for the previously conceded Garmin GPS device. As unreimbursed employee business expenses are itemized deductions, petitioner is allowed to deduct them only to the extent they exceed 2% of his adjusted gross income. Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a). Subject to computations, petitioner may deduct his State and local income taxes. See sec. 164(a)(3).

## VI.   Section 6662(a)--Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes a 20% penalty on the portion of an underpayment of income tax attributable to (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. Under section 7491(c), the Commissioner bears the burden of production with regard to penalties. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner has met the burden of production, the taxpayer has the burden of

[*19] proving that the penalties are inappropriate because of reasonable cause or substantial authority.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447; Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), aff'g T.C. Memo. 1982-337.

For purposes of section 6662(a), "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); Higbee v. Commissioner, 116 T.C. at 448; sec. 1.6662-3(b)(1), Income Tax Regs.  "Disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); Higbee v. Commissioner, 116 T.C. at 448.  There is a "substantial understatement" of income tax for any year if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000.  Sec. 6662(d)(1)(A); Higbee v. Commissioner, 116 T.C. at 448.  No penalty may be imposed under section 6662 with respect to any portion of an underpayment upon a showing that the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  Reasonable cause requires that the taxpayer exercised ordinary business care and prudence as to the disputed item.  Sampson v. Commissioner, T.C. Memo. 2013-212.  The term "good faith" has no precise definition but means, among other things, (1) an honest belief and (2) the intent to

[*20] perform all lawful obligations. Id. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Higbee v. Commissioner, 116 T.C. at 448; Sampson v. Commissioner, T.C. Memo. 2013-212. Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Remy v. Commissioner, T.C. Memo. 1997-72. Circumstances that may also indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 449; Sampson v. Commissioner, T.C. Memo. 2013-212; Remy v. Commissioner, T.C. Memo. 1997-72; sec. 1.6664-4(b)(1), Income Tax Regs.

A. Negligence

In the instant case, respondent has met the burden of production. Petitioner's position is not consistent with prior Court decisions as petitioner does not have a tax home and thus cannot deduct unreimbursed employee business expenses for travel away from home. Sec. 162(a). However, petitioner has met his burden of proof with respect to defenses to the negligence penalty. According to petitioner's credible testimony, although he did not consult a professional

**[\*21]** before preparing his 2009 income tax return, he read all of the Internal Revenue Service publications in regard to business travel and prepared his tax return by himself. In addition, petitioner's personal records reflected the Internal Revenue Service publications from 2009. Petitioner was employed as a long-distance truck driver, and the record does not indicate that he had any specialized accounting knowledge.

The Court does not find that petitioner's actions rise to the level of negligence because negligence is found when there is a failure to make a reasonable attempt to comply with the provisions of the Code. Sec. 6662(c). Petitioner made a reasonable attempt to comply with section 162 by reading the Internal Revenue Service publications, and he acted in good faith. Petitioner's incorrect interpretation of what constitutes a tax home under section 162 was an honest misunderstanding of the law, especially in consideration of the facts that he had a State law requirement to maintain a residence for his commercial driver's license and that residence also resulted in his being called for jury duty. Under section 162 the term "home" does not have its usual and ordinary meaning. Henderson v. Commissioner, 143 F.3d at 499; see Deamer v. Commissioner, 752 F.2d at 339; see also Minick v. Commissioner, T.C. Memo. 2010-12. Therefore,

**[*22]** the Court finds that petitioner did not act without reasonable care and will not impose an accuracy-related penalty due to negligence for 2009.

    B. <u>Substantial Understatement</u>

Under section 6662(d)(2)(B), the amount of a substantial understatement of income tax shall be reduced by the portion of the understatement that is attributable to (1) the tax treatment of any item that was supported substantial authority or (2) tax treatment of an item for which (a) there is a reasonable basis and (b) the relevant facts affecting the item's treatment were adequately disclosed in the return or in a statement attached to the return. As stated above, the Court has found that petitioner is not entitled to deductions for per diem expenses, a hotel expense, a traffic ticket, and the expenses he conceded at trial.[9] Accordingly, the Court holds that he is liable for the section 6662(a) and (b)(2) penalty insofar as the Rule 155 computations show an underpayment a portion of which is due to a substantial understatement of income tax.

The Court has considered all of the arguments made by the parties and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

---

[9]<u>See</u> <u>supra</u> pp. 13-17.

**[*23]** To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.